IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

AIMEE JO STOREY,

        Plaintiff,

v.                                    Case No.:

CAPITAL LINK MANAGEMENT, LLC,

        Defendant.

_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, AIMEE JO STOREY, by and through the undersigned counsel, and hereby sues Defendant, CAPITAL LINK MANAGEMENT, LLC, for damages and alleges in support thereof:

### JURISDICTION

1. This is an action for damages in an amount greater than $30,000.01, exclusive of attorneys' fees and costs, in addition to injunctive relief.

2. This action seeks redress for the unlawful practices committed by the Defendant in connection with its efforts to collect a consumer debt from Plaintiff. Plaintiff seeks monetary, declaratory and injunctive relief based on violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, and seeks further relief based on violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

3. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

4.   This court has jurisdiction over claims made under the FDCPA pursuant to 15 U.S.C. §
     1692k(d).

### PARTIES

5.   Plaintiff, Aimee Jo Storey (hereinafter "Ms. Storey" or "Plaintiff"), is a natural person.

6.   Ms. Storey resides in Lee County, Florida.

     Ms. Storey is a "consumer" as that term is defined by Fla. Stat. § 559.55(8) and 15 U.S.C. §
     1692a(3).

7.   Defendant, Capital Link Management, LLC (hereinafter "CLM" or "Defendant"), is a New
     York limited liability company.

8.   CLM maintains its principal place of business at 100 Corporate Parkway, Suite 106,
     Amherst, NY 14226.

9.   CLM is a "debt collector" as that term is defined by Fla. Stat. § 559.55(7) and 15 U.S.C. §
     1692a(6). More specifically:

     a.   CLM is principally engaged in the business of collecting debts;

     b.   CLM regularly collects debts owed or due or asserted to be owed or due to another;
          and

     c.   CLM uses the United States postal service and telephones in connection with its
          debt collection business.

10.  Additionally, on its website, CLM states that it "provides receivables management services
     for a multitude of direct issuer and debt buying clients on outstanding consumer debt." *See*
     www.capitallinkmanagement.com/privacy-policy.html.

2

11. CLM's website further states that: "THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE ONLY." *See id.* (EMPHASIS IN ORIGINAL).

## FACTUAL ALLEGATIONS

12. Prior to August 24, 2020, Ms. Storey incurred a debt to Plain Green Loans (hereinafter referred to as the "Debt").

13. Ms. Storey incurred the Debt for personal purposes; namely, the Debt was incurred in connection with a payday advance loan.

    Ms. Storey used the proceeds from the payday advance loan to pay for personal, family, and household items such as groceries, clothing, gas for her vehicle, etc.

14. Accordingly, the Debt is a "consumer debt" as that term is defined by Fla. Stat. § 559.55(6) and 15 U.S.C. § 1692a(5).

15. The Debt was subsequently placed with CLM for collection from Ms. Storey.

16. On August 24, 2020, Ms. Storey and her spouse sought protection from their creditors by filing a joint Chapter 13 bankruptcy case with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:20-bk-06356-FMD (hereinafter the "Bankruptcy" or the "Bankruptcy Case"). *See* **Exhibit "A"** attached hereto.

17. In the Schedule E/F filed with her bankruptcy petition, Ms. Storey listed the Debt.

18. Subsequently, CLM began sending text messages (hereinafter the "Texts") to Ms. Storey in an attempt to collect the Debt. *See* **Exhibit "B"** attached hereto.

19. The Texts stated that Ms. Storey owed a balance of $2,074.37. *See id.*

20. The Texts directed Ms. Storey to call 1-833-755-8393 to pay the Debt. *See id.*

3

21. The telephone number 1-833-755-8393 belongs to CLM.

22. The Texts also stated that CLM was collecting for "PlainGreen LLC". *See id.*

23. The Texts clearly stated: "This communication is from a debt collector, this is an attempt to collect a debt." *See id.*

24. In response to the Texts, Ms. Storey's bankruptcy counsel sent CLM a cease and desist letter on January 6, 2021 (hereinafter the "First Cease and Desist Letter"), which informed CLM of Ms. Storey's bankruptcy filing and demanded they cease further collection efforts. *See* **Exhibit "C"** attached hereto.

25. The First Cease and Desist Letter was sent to CLM via certified U.S. mail, return receipt requested, bearing certified mail number 7014 1820 0000 3555 3231. *See id.*

26. CLM clearly received the First Cease and Desist Letter on January 11, 2021, as evidenced by the return receipt for certified mail number 7014 1820 0000 3555 3231. *See* **Exhibit "D"** attached hereto.

27. Despite receiving the First Cease and Desist Letter, CLM sent a collection letter to Ms. Storey dated January 12, 2021 (hereinafter the "First Collection Letter"), which again attempted to collect the Debt. *See* **Exhibit "E"** attached hereto.

28. The First Collection Letter indicated that Ms. Storey owed a total balance of $2,074.37, but that CLM would accept a total of $1,037.19. *See id.*

29. The First Collection Letter indicated that Ms. Storey "must resolve" the matter "[t]o avoid continued collection efforts". *See id.*

30. The bottom of the First Collection Letter clearly states: **"This letter is an attempt to collect a debt. Any information obtained will be used for that purpose."** *See id.* **(emphasis in original).**

4

31. In response to the First Collection Letter, Ms. Storey's bankruptcy counsel sent CLM another cease and desist letter on January 14, 2021 (hereinafter the "Second Cease and Desist Letter"), which reiterated the information conveyed in the First Cease and Desist Letter. *See* **Exhibit "F"** attached hereto.

32. The Second Cease and Desist Letter was sent to CLM via certified U.S. mail, return receipt requested, bearing certified mail number 7014 1820 0000 3555 2982. *See id.*

33. CLM clearly received the Second Cease and Desist Letter on January 19, 2021, as evidenced by the return receipt for certified mail number 7014 1820 0000 3555 2982. *See* **Exhibit "G"** attached hereto.

34. Despite receiving the Second Cease and Desist Letter, CLM continued to send collection letters to Ms. Storey dated February 8, 11, 16 and 17, 2021 (hereinafter the "Additional Collection Letters"), which again attempted to collect the Debt. *See* **Composite Exhibit "H"** attached hereto.

35. The Additional Collection Letters each indicated that Ms. Storey owed a total balance of $2,074.37, but that CLM would accept a total of $1,037.19. *See id.*

36. The Additional Collection Letters each indicated that Ms. Storey "must resolve" the matter "[t]o avoid continued collection efforts". *See id.*

37. The bottom of each of the Additional Collection Letters clearly states: **"This letter is an attempt to collect a debt. Any information obtained will be used for that purpose."** *See id.* **(emphasis in original)**.

38. The purpose of the above-referenced communications from CLM was to attempt to collect the Debt from Ms. Storey.

5

39. The above-detailed conduct by CLM, taken in an attempt to collect the Debt, violated the FDCPA and the FCCPA.

40. Ms. Storey has been severely agitated, annoyed, traumatized, humiliated, embarrassed, emotionally damaged and has otherwise been unduly inconvenienced CLM's actions.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### *Fla. Stat. § 559.72(7)*

41. Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of CLM constitute violations of the Florida Consumer Collection Practices Act.

43. Under the provisions of Fla. Stat. § 559.72(7), CLM was and is prohibited from (1) willfully communicating with a debtor with such frequency as can reasonably be expected to harass the debtor; and (2) willfully engaging in any other conduct that can reasonably be expected to harass or abuse the debtor.

44. CLM violated Fla. Stat. § 559.72(7) by sending the communications referenced herein, which attempted to collect the Debt from Ms. Storey despite the fact that she was protected from such collection efforts by the automatic stay provided by the U.S. Bankruptcy Code, 11 U.S.C. § 362.

45. Additionally, CLM further violated Fla. Stat. § 559.72(7) by sending the communications to Ms. Storey despite receiving three cease and desist letters from her bankruptcy counsel, which letters included information on the Bankruptcy Case.

6

46.   Finally, CLM further violated Fla. Stat. § 559.72(7) by sending four (4) separate communications to Ms. Storey over the course of nine (9) days, which is so frequent under the circumstances described herein as to be considered harassment.

47.   As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

48.   As a result of CLM's violations of the FCCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from CLM.

49.   Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Storey such as enjoining further illegal collection activity. Ms. Storey hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### *Fla. Stat. § 559.72(9)*

50.   Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

51.   The foregoing acts and omissions of CLM constitute violations of the Florida Consumer Collection Practices Act.

52.   Under the provisions of Fla. Stat. § 559.72(9), CLM was and is prohibited from asserting a legal right known not to exist in connection with the collection of a debt.

eFiled Lee County Clerk of Courts Page 7

53.     CLM violated Fla. Stat. § 559.72(9) by asserting a legal right to collect the Debt from Ms. Storey during the Bankruptcy Case, which is prohibited by the automatic stay provided by the U.S. Bankruptcy Code, 11 U.S.C. § 362.

54.     As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

55.     As a result of CLM's violations of the FCCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from CLM.

56.     Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Storey such as enjoining further illegal collection activity. Ms. Storey hereby reserves the right to amend this Complaint to include a demand for punitive damages.

### COUNT III
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
*Fla. Stat. § 559.72(18)*

57.     Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

58.     The foregoing acts and omissions of CLM constitute violations of the Florida Consumer Collection Practices Act.

59.     Under the provisions of Fla. Stat. § 559.72(18), CLM was and is prohibited from communicating with a debtor in connection with the collection of a debt when the debtor is known to be represented by counsel with respect to such debt.

8

60. CLM violated Fla. Stat. § 559.72(18) by sending its collection letters directly to Ms. Storey in an attempt to collect the Debt, despite having received several letters clearly informing CLM that Ms. Storey was represented by counsel with respect to the Debt.

61. As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

62. As a result of CLM's violations of the FCCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from CLM.

63. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Ms. Storey such as enjoining further illegal collection activity. Ms. Storey hereby reserves the right to amend this Complaint to include a demand for punitive damages.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. § 1692c(a)(2)*

64. Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of CLM constitute violations of the Fair Debt Collection Practices Act.

66. Under the provisions of 15 U.S.C. § 1692c(a)(2), CLM was and is prohibited from communicating directly with a consumer in connection with the collection of a debt who is known to be represented by an attorney with respect to the debt.

9

67.   CLM violated § 1692c(a)(2) by sending its collection letters directly to Ms. Storey in an attempt to collect the Debt, despite having received several letters clearly informing CLM that Ms. Storey was represented by counsel with respect to the Debt.

68.   As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

69.   As a result of CLM's violations of the FDCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a) from CLM.

**COUNT V**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
*15 U.S.C. § 1692e(2)(A)*

70.   Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

71.   The foregoing acts and omissions of CLM constitute violations of the Fair Debt Collection Practices Act.

72.   Under the provisions of 15 U.S.C. § 1692e(2)(A), CLM was and is prohibited from making any false representation regarding the character, amount, or legal status of any debt.

73.   CLM violated § 1692e(2)(A) by sending the communications referenced herein, which falsely represented to Ms. Storey that the Debt remained collectable during the pendency of her bankruptcy case, despite the fact that she was protected from such collection efforts by the automatic stay provided by the U.S. Bankruptcy Code, 11 U.S.C. § 362.

eFiled Lee County Clerk of Courts Page 10

74. As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

75. As a result of CLM's violations of the FDCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a) from CLM.

**COUNT VI**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
*15 U.S.C. § 1692e(10)*

76. Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of CLM constitute violations of the Fair Debt Collection Practices Act.

78. Under the provisions of 15 U.S.C. § 1692e(2)(A), CLM was and is prohibited from making any false representation or deceptive means in the collection of any debt.

79. CLM violated § 1692e(10) by sending the communications referenced herein, which falsely represented to Ms. Storey that the Debt remained collectable during the pendency of her bankruptcy case, despite the fact that she was protected from such collection efforts by the automatic stay provided by the U.S. Bankruptcy Code, 11 U.S.C. § 362.

80. As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

81.   As a result of CLM's violations of the FDCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a) from CLM.

**COUNT VII**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
*15 U.S.C. § 1692f*

82.   Ms. Storey incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

83.   The foregoing acts and omissions of CLM constitute violations of the Fair Debt Collection Practices Act.

84.   Under the provisions of 15 U.S.C. § 1692f, CLM was and is prohibited from using any unfair or unconscionable means to collect any debt.

85.   CLM violated § 1692f by sending the communications referenced herein, which unfairly and unconscionably assert that Ms. Storey remains responsible for paying the Debt during the pendency of her bankruptcy case, despite the fact that she was protected from such collection efforts by the automatic stay provided by the U.S. Bankruptcy Code, 11 U.S.C. § 362.

86.   As a direct and proximate result of CLM's actions in violation of said statute, Ms. Storey has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

87.   As a result of CLM's violations of the FDCPA, Ms. Storey is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a) from CLM.

12

## TRIAL BY JURY

88.    Ms. Storey is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.

**WHEREFORE**, the Plaintiff, AIMEE JO STOREY, having set forth her claims for relief

against the Defendant, CAPITAL LINK MANAGEMENT, LLC, respectfully prays of the Court

as follows:

A.    That the Plaintiff has and recovers against the Defendant a sum to be determined by the

Court in the form of actual damages pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. §

1692k(a)(1);

B.    That the Plaintiff has and recovers against the Defendant a sum to be determined by the

Court in the form of statutory damages pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. §

1692k(a)(2)(A);

C.    That the Plaintiff has and recovers against the Defendant a sum to be determined by the

Court in the form of attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2) and 15

U.S.C. § 1692k(a)(3);

D.    That the Defendant be enjoined from engaging in further improper conduct; and

E.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: March 3, 2021                          *Respectfully submitted,*
                                              **THE DELLUTRI LAW GROUP, P.A.**
                                              1436 Royal Palm Square Blvd.
                                              Fort Myers, FL  33919
                                              (239) 939-0900
                                              (239) 939-0588 – Fax
                                              ***Attorneys for Plaintiff***

                                              By:  Joseph C. LoTempio
                                                   Joseph C. LoTempio, Esq.
                                                   Fla. Bar No. 0086097
                                                   jlotempio@dellutrilawgroup.com

13

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF __FL__           )
                          ) ss
COUNTY OF __Lee__         )

Plaintiff, AIMEE JO STOREY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


_____
AIMEE JO STOREY

Subscribed and sworn to before me this __2__ day of __March__, 20 __21__ by AIMEE JO STOREY who:

☐ is personally known; or

☑ produced identification __Drivers License__ .




NATHALIE OLIVO
MY COMMISSION # GG 276342
EXPIRES: November 13, 2022
Bonded Thru Notary Public Underwriters

_____
Notary Public

(SEAL)

14

**EXHIBIT A**

| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| MIDDLE DISTRICT OF FLORIDA | |
| Case number (if known) | Chapter you are filing under: |
| | ☐ Chapter 7 |
| | ☐ Chapter 11 |
| | ☐ Chapter 12 |
| | ☑ Chapter 13 |

☐ Check if this is an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself | |
|---|---|---|
| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| 1. Your full name | | |
| Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Kevin**<br>First name | **Aimee**<br>First name |
| | **Thomas**<br>Middle name | **Jo**<br>Middle name |
| Bring your picture identification to your meeting with the trustee. | **Storey**<br>Last name and Suffix (Sr., Jr., II, III) | **Storey**<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. All other names you have used in the last 8 years<br>Include your married or maiden names. | Kevin Thomas Storey<br>Kevin Storey<br>Kevin T Storey | Aimee J Storey<br>Aimee Storey |
| 3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN) | ████████ | ████████ |

Debtor 1    **Kevin Thomas Storey**
Debtor 2    **Aimee Jo Storey**                                                    Case number *(if known)*

|                | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.  Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

■ I have not used any business name or EINs.

Business name(s)

EIN

About Debtor 2 (Spouse Only in a Joint Case):

■ I have not used any business name or EINs.

Business name(s)

EIN

**5.  Where you live**

**1637 S Mayfair Rd**
**Fort Myers, FL 33919**
Number, Street, City, State & ZIP Code

**Lee**
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here.  Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.  Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
   Explain. (See 28 U.S.C. § 1408.)

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
   Explain. (See 28 U.S.C. § 1408.)

Debtor 1   **Kevin Thomas Storey**
Debtor 2   **Aimee Jo Storey**

Case number *(if known)* _____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.** The chapter of the Bankruptcy Code you are choosing to file under

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8.** How you will pay the fee

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** Have you filed for bankruptcy within the last 8 years?

■ No.
☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |
| | District | _____ | When | _____ | Case number | _____ |

**10.** Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?

■ No
☐ Yes.

| | Debtor | _____ | | | Relationship to you | _____ |
| | District | _____ | When | _____ | Case number, if known | _____ |
| | Debtor | _____ | | | Relationship to you | _____ |
| | District | _____ | When | _____ | Case number, if known | _____ |

**11.** Do you rent your residence?

☐ No.   Go to line 12.
■ Yes.   Has your landlord obtained an eviction judgment against you?

■ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Voluntary Petition for Individuals Filing for Bankruptcy

| Debtor 1 | **Kevin Thomas Storey** | | |
|----------|------------------------|---|---|
| Debtor 2 | **Aimee Jo Storey** | Case number *(if known)* | |

---

**Part 3:    Report About Any Businesses You Own as a Sole Proprietor**

**12.  Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ **No.**        Go to Part 4.

☐ **Yes.**      Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

Check the appropriate box to describe your business:

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  None of the above

**13.  Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor or a debtor as defined by 11 U.S.C. § 1182(1)*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

■ **No.**        I am not filing under Chapter 11.

☐ **No.**        I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ **Yes.**      I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ **Yes.**      I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:    Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14.  Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ **No.**

☐ **Yes.**      What is the hazard?        _____

If immediate attention is needed, why is it needed?        _____

Where is the property?        _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1   **Kevin Thomas Storey**
Debtor 2   **Aimee Jo Storey**                                          Case number *(if known)* _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | **Kevin Thomas Storey** | | |
|---|---|---|---|
| Debtor 2 | **Aimee Jo Storey** | Case number *(if known)* | |

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16. What kind of debts do you have?**

**16a.** Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.** Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

---

**17. Are you filing under Chapter 7?**

■ No.   I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| /s/ Kevin Thomas Storey | /s/ Aimee Jo Storey |
|---|---|
| **Kevin Thomas Storey** | **Aimee Jo Storey** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| | |
| Executed on __August 24, 2020__ | Executed on __August 24, 2020__ |
| MM / DD / YYYY | MM / DD / YYYY |

Debtor 1   **Kevin Thomas Storey**

Debtor 2   **Aimee Jo Storey**

Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

/s/ David Lampley, Esq.                    Date    **August 24, 2020**
Signature of Attorney for Debtor                          MM / DD / YYYY

**David Lampley, Esq.**
Printed name

**The Dellutri Law Group, P.A.**
Firm name

**1436 Royal Palm Square Blvd.**
**Fort Myers, FL 33919-1049**
Number, Street, City, State & ZIP Code

Contact phone   **(239) 939-0900**          Email address   **dlampley@dellutrilawgroup.com**

**0044408 FL**
Bar number & State

---

**EXHIBIT B**

 Metro by T-Mobile  9:11 AM  68%



57844 >

history before the end of the year. Your PlainGreen LLC account was transferred to Capital Link Management for collections. This communication is from a debt collector, this is an attempt to collect a debt. There is a current balance owed of $2,074.37 .  We can settle this today and repair your history for $829.75. Please call 1-833-755-8393

Today 9:11 AM

Aimee Storey,  there is a balance owed of  $2,074.37  for your PlainGreen LLC account. Our client is will to settle the account for {Settlement}}. Please call 1-833-755-8393 to set up an arrangement.   Replay with STOP, to have your number removed.

   Text Message

**EXHIBIT C**



| | |
|---|---|
| Principal Office: | Phone: (239) 939-0900 |
| Dellutri Professional Center | Facsimile: (239) 939-0588 |
| 1436 Royal Palm Square Boulevard | E-Mail: dfineman@DellutriLawGroup.com |
| Fort Myers, Florida 33919 | Website: www.DellutriLawGroup.com |

January 6, 2021

*Via Certified U.S. Mail #7014 1820 0000 3555 3231*

Capital Link Management
100 Corporate Parkway STE 106
Amherst, NY 14226

      RE:    My Client:      Storey, Kevin & Aimee
                   Bankruptcy Case No: 9:20-bk-06356-FMD
                   Date of Filing:    August 24, 2020

Please be advised the above captioned debtors have continued to receive collection invoices from you. Since the debtor is protected from such debt collection efforts and other actions by virtue of the bankruptcy case, you are hereby notified that your actions are in willful violation of Section of 362 of Title 11 of the United States Code. The contact itself may also violate the Federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

Accordingly, YOUR COLLECTION ACTIONS MUST CEASE AND BE WITHDRAWN, DISMISSED AND CANCELED WITHIN TEN (10) DAYS OF THE DATE OF YOUR RECEIPT OF THIS LETTER BY WRITTEN NOTICE TO THIS OFFICE or a motion for sanctions or adversary proceeding may be filed against you in the United States Bankruptcy Court for the Middle District of Florida. If it becomes necessary to file such a motion or proceeding, then we will ask the Court to award actual damages, punitive damages, and attorney's fees.

You should also be advised that your failure to withdraw this demand for payment on a timely basis will be used as evidence in this case to prove, among other things, the following:

1.     That your violation of the order of discharge is continuing in nature and is further aggravated by your failure to withdraw the said demand for payment as requested herein;



*The Dellutri Law Group is a federally-designated Debt Relief Agency,*
*which has proudly helped people filing for bankruptcy since 1998.*
*Carmen Dellutri, Esq. is a Board Certified Consumer Bankruptcy Attorney, American Board of Certification.*
*Carmen Dellutri, Esq. is a Member of the National Association of Consumer Bankruptcy Attorneys, National Association of Consumer*
*Advocates, National Association of Chapter 13 Trustees, and the American Bankruptcy Institute.*

● Page 2                                                    January 6, 2021

2.       That your failure to withdraw the demand for payment on a reasonable and timely basis as requested herein enhances the claim of the debtor for the award of punitive damages for a willful violation of the order of discharge;

3.       That your collection/bankruptcy system suffers from serious defects and flaws as evidenced by your total failure to respond to this special certified notice from this office;

4.       That you have failed to implement adequate procedures for the due and lawful receipt and processing of bankruptcy notices and for taking the necessary steps to terminate the collection process after the timely receipt of such notices;

5.       That you have failed to implement any adequate procedures for the timely and proper review of certified letters from attorneys representing debtors in bankruptcy cases;

6.       That you have failed to take timely, necessary, appropriate and proper actions in this case so as to avoid the filing of a motion for sanctions for a discharge violation;

7.       That you have willfully failed to take timely and necessary actions in an effort to mitigate the damages you will suffer in this case;

8.       That you have needlessly increased the legal fees and expenses that have been and will be incurred by the debtor in this case;

9.       That you have waived any right to object to the admission of this letter and of your failure to submit a timely response thereto into evidence at any court hearing in this matter;

10.      That you have admitted that the debtor is entitled to recover at least the amount of actual damages, punitive damages, and legal fees as set-forth in this letter;

11.      That this letter may be introduced into evidence at any hearing in this case under Rule 803(6) of the Federal Rules of Evidence; and

12.      That your failure to respond on a timely basis as designated herein may be used against you as a statement that is contrary to your pecuniary of proprietary interest as provided for by Rule 804(b)(3) of the Federal Rules of Evidence.

Be governed accordingly.

Sincerely,
The Dellutri Law Group, P.A.

David Fineman, Esq.
For the Firm

DF/ab
Enclosures

**EXHIBIT D**



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

JAN 14 2021

By _____

• Sender: Please print your name, address, and ZIP+4® in this box•

The Dellutri Law Group
1436 Royal Palm Sq. Blvd.
Fort Myers, Florida 33919
www.DellutriLawGroup.com

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Capital Link Management
100 Corporate Pkwy, Ste 100
Amherst, NY 14226

9590 9402 5913 0049 6451 78

2. Article Number *(Transfer from service label)*

7014 1820 0000 3555 3231

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X L6 2647CA

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

CLM

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**EXHIBIT E**

100 Corporate Parkway Suite 106
Amherst, NY 14226



**FINAL SETTLEMENT**

1/12/2021

| | |
|---|---|
| Client Name: | Aimee Storey |
| Reference ID: | AV3376798 |
| Originator: | PlainGreen LLC |
| Originator Number: | 656859 |
| Originator Date: | 8/28/2018 |
| Originator Amount: | $2,074.37 |

**50% Off Settlement:**            **$1,037.19**

Dear Aimee Storey,

Your account with **PlainGreen LLC** is severely past due and has changed in status. It is now under further review to determine our available options. To avoid continued collection efforts you must resolve this matter.

- **Call Us:** (888) 509-5495 Ext. 6036
- **We are not obligated to renew this offer.**

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account for less than the full amount due, **saving you $1,037.19** off your current outstanding balance. Most reasonable counteroffers are accepted if paid on the date of contact.

Upon the completion of payment, you will receive a **PAID LETTER** to update the **credit bureaus**. If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 3 business days** if a payment plan is not arranged. **We are not obligated to renew this offer.** A representative is standing by to assist you should you need any assistance; please call us (888) 509-5495 Ext. 6036.

Sincerely,

*Jeremiah Zack*

Jeremiah Zack
Capital Link Management

---

**This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**Phone: (888) 509-5495 | Fax: (716) 235-8735**

**EXHIBIT F**



Principal Office:                                          Phone: (239) 939-0900
Dellutri Professional Center                              Facsimile: (239) 939-0588
1436 Royal Palm Square Boulevard               E-Mail: dfineman@DellutriLawGroup.com
Fort Myers, Florida 33919                        Website: www.DellutriLawGroup.com

                              January 14, 2021

**"Third Demand to Cease and Desist"**
*Via Certified U.S. Mail #7014 1820 0000 3555 2982*

Capital Link Management
100 Corporate Parkway STE 106
Amherst, NY 14226

    RE:    My Client:              Storey, Kevin & Aimee
           Bankruptcy Case No:     9:20-bk-06356-FMD
           Date of Filing:         August 24, 2020

Please be advised the above captioned debtors have continued to receive collection invoices from you. Since the debtor is protected from such debt collection efforts and other actions by virtue of the bankruptcy case, you are hereby notified that your actions are in willful violation of Section of 362 of Title 11 of the United States Code. The contact itself may also violate the Federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

Accordingly, YOUR COLLECTION ACTIONS MUST CEASE AND BE WITHDRAWN, DISMISSED AND CANCELED WITHIN TEN (10) DAYS OF THE DATE OF YOUR RECEIPT OF THIS LETTER BY WRITTEN NOTICE TO THIS OFFICE or a motion for sanctions or adversary proceeding may be filed against you in the United States Bankruptcy Court for the Middle District of Florida. If it becomes necessary to file such a motion or proceeding, then we will ask the Court to award actual damages, punitive damages, and attorney's fees.

You should also be advised that your failure to withdraw this demand for payment on a timely basis will be used as evidence in this case to prove, among other things, the following;

1.     That your violation of the order of discharge is continuing in nature and is further aggravated by your failure to withdraw the said demand for payment as requested herein;



*The Dellutri Law Group is a federally-designated Debt Relief Agency,*
*which has proudly helped people filing for bankruptcy since 1998.*
*Carmen Dellutri, Esq. is a Board Certified Consumer Bankruptcy Attorney, American Board of Certification.*
*Carmen Dellutri, Esq. is a Member of the National Association of Consumer Bankruptcy Attorneys, National Association of Consumer Advocates, National Association of Chapter 13 Trustees, and the American Bankruptcy Institute.*

● Page 2                                                    January 14, 2021

2.      That your failure to withdraw the demand for payment on a reasonable and timely basis as requested herein enhances the claim of the debtor for the award of punitive damages for a willful violation of the order of discharge;

3.      That your collection/bankruptcy system suffers from serious defects and flaws as evidenced by your total failure to respond to this special certified notice from this office;

4.      That you have failed to implement adequate procedures for the due and lawful receipt and processing of bankruptcy notices and for taking the necessary steps to terminate the collection process after the timely receipt of such notices;

5.      That you have failed to implement any adequate procedures for the timely and proper review of certified letters from attorneys representing debtors in bankruptcy cases;

6.      That you have failed to take timely, necessary, appropriate and proper actions in this case so as to avoid the filing of a motion for sanctions for a discharge violation;

7.      That you have willfully failed to take timely and necessary actions in an effort to mitigate the damages you will suffer in this case;

8.      That you have needlessly increased the legal fees and expenses that have been and will be incurred by the debtor in this case;

9.      That you have waived any right to object to the admission of this letter and of your failure to submit a timely response thereto into evidence at any court hearing in this matter;

10.     That you have admitted that the debtor is entitled to recover at least the amount of actual damages, punitive damages, and legal fees as set-forth in this letter;

11.     That this letter may be introduced into evidence at any hearing in this case under Rule 803(6) of the Federal Rules of Evidence; and

12.     That your failure to respond on a timely basis as designated herein may be used against you as a statement that is contrary to your pecuniary of proprietary interest as provided for by Rule 804(b)(3) of the Federal Rules of Evidence.

Be governed accordingly.

Sincerely,
The Dellutri Law Group, P.A.

David Fineman, Esq.
For the Firm

DF/ab
Enclosures

**EXHIBIT G**

USPS TRACKING #

BUFFALO NY 140

9590 9402 5913 0049 6451 47

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

The Dellutri Law Group
1436 Royal Palm Sq. Blvd.
Fort Myers, Florida 33919
www.DellutriLawGroup.com

RECEIVED

JAN 2 5 2021

By

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Capital Link Management
100 Corporate Pkwy section
Amherst, NY 14226

9590 9402 5913 0049 6451 47

2. Article Number *(Transfer from service label)*

7014 1820 0000 3555 248c

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   Lb 2847849                     ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

   Tyla

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053              Domestic Return Receipt

# COMPOSITE EXHIBIT H

100 Corporate Parkway Suite 106
Amherst, NY 14226



**FINAL SETTLEMENT**

2/8/2021

Client Name:              Aimee Storey
Reference ID:             AV3376798
Originator:               PlainGreen LLC
Originator Number:        656859
Originator Date:          8/28/2018
Originator Amount:        $2,074.37

**50% Off Settlement:**          **$1,037.19**

Dear Aimee Storey,

Your account with **PlainGreen LLC** is severely past due and has changed in status. It is now under further review to determine our available options. To avoid continued collection efforts you must resolve this matter.

- **Call Us:** (888) 509-5495 Ext. 6036
- **We are not obligated to renew this offer.**

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account for less than the full amount due, **saving you $1,037.19** off your current outstanding balance. <u>Most reasonable counteroffers are accepted if paid on the date of contact</u>.

Upon the completion of payment, you will receive a **PAID LETTER** to update the **credit bureaus**. If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 3 business days** if a payment plan is not arranged. **We are not obligated to renew this offer.** A representative is standing by to assist you should you need any assistance; please call us (888) 509-5495 Ext. 6036.

Sincerely,

*Jeremiah Zack*

Jeremiah Zack
Capital Link Management

---

**This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**Phone: (888) 509-5495 | Fax: (716) 235-8735**

100 Corporate Parkway Suite 106
Amherst, NY 14226



**FINAL SETTLEMENT**

2/11/2021

Client Name:           Aimee Storey
Reference ID:          AV3376798
Originator:            PlainGreen LLC
Originator Number:     656859
Originator Date:       8/28/2018
Originator Amount:     $2,074.37

**50% Off Settlement:**    **$1,037.19**

Dear Aimee Storey,

Your account with **PlainGreen LLC** is severely past due and has changed in status. It is now under further review to determine our available options. To avoid continued collection efforts you must resolve this matter.

- **Call Us:** (888) 509-5495 Ext. 6036
- **We are not obligated to renew this offer.**

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account for less than the full amount due, **saving you $1,037.19** off your current outstanding balance. Most reasonable counteroffers are accepted if paid on the date of contact.

Upon the completion of payment, you will receive a **PAID LETTER** to update the **credit bureaus**. If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 3 business days** if a payment plan is not arranged. **We are not obligated to renew this offer.** A representative is standing by to assist you should you need any assistance; please call us (888) 509-5495 Ext. 6036.

Sincerely,

*Jeremiah Zack*

Jeremiah Zack
Capital Link Management

---

**This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**Phone: (888) 509-5495 | Fax: (716) 235-8735**



100 Corporate Parkway Suite 106
Amherst, NY 14226

**FINAL SETTLEMENT**

2/16/2021

| | |
|---|---|
| Client Name: | Aimee Storey |
| Reference ID: | AV3376798 |
| Originator: | PlainGreen LLC |
| Originator Number: | 656859 |
| Originator Date: | 8/28/2018 |
| Originator Amount: | $2,074.37 |

**50% Off Settlement:**       **$1,037.19**

Dear Aimee Storey,

Your account with **PlainGreen LLC** is severely past due and has changed in status. It is now under further review to determine our available options. To avoid continued collection efforts you must resolve this matter.

- **Call Us:** (888) 509-5495 Ext. 6036
- **We are not obligated to renew this offer.**

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account for less than the full amount due, **saving you $1,037.19** off your current outstanding balance. Most reasonable counteroffers are accepted if paid on the date of contact.

Upon the completion of payment, you will receive a **PAID LETTER** to update the **credit bureaus.** If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 3 business days** if a payment plan is not arranged. **We are not obligated to renew this offer.** A representative is standing by to assist you should you need any assistance; please call us (888) 509-5495 Ext. 6036.

Sincerely,

*Jeremiah Zack*

Jeremiah Zack
Capital Link Management

This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.
Phone: (888) 509-5495 | Fax: (716) 235-8735



100 Corporate Parkway Suite 106
Amherst, NY 14226

**FINAL SETTLEMENT**

2/17/2021

| | |
|---|---|
| Client Name: | Aimee Storey |
| Reference ID: | AV3376798 |
| Originator: | PGL (PlainGreen LLC) |
| Originator Number: | 656859 |
| Originator Date: | 8/28/2018 |
| Originator Amount: | $2,074.37 |

**50% Off Settlement:**   **$1,037.19**

Dear Aimee Storey,

Your account with **PGL (PlainGreen LLC)** is severely past due and has changed in status. It is now under further review to determine our available options. To avoid continued collection efforts you must resolve this matter.

- **Call Us: (888) 509-5495 Ext. 6036**
- **We are not obligated to renew this offer.**

Due to the **COVID-19** crisis, **we are willing to arrange a payment plan for you** or give you an opportunity to close out your account for less than the full amount due, **saving you $1,037.19** off your current outstanding balance. Most reasonable counteroffers are accepted if paid on the date of contact.

Upon the completion of payment, you will receive a **PAID LETTER** to update the **credit bureaus**. If this matter has been previously resolved, please notify us with proof of payment so we can update our records and close out this matter.

**This personalized settlement offer expires in 3 business days** if a payment plan is not arranged. **We are not obligated to renew this offer.** A representative is standing by to assist you should you need any assistance; please call us (888) 509-5495 Ext. 6036.

Sincerely,

*Jeremiah Zack*

Jeremiah Zack
Capital Link Management

---

**This letter is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**Phone: (888) 509-5495 | Fax: (716) 235-8735**