UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMIEE JO STOREY,

    Plaintiff,

v.                                            Case No. 2:21-cv-293-SPC-NPM

CAPITAL LINK MANAGEMENT, LLC,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Strike Answer and Affirmative Defenses (Doc. 13), and Defendant Capital Link Management, LLC's Opposition (Doc. 14). In this Fair Debt Collection Practices Act, 15 U.S.C. § 1692c-f, and Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, action, Plaintiff Aimee Jo Storey claims Capital Link Management, LLC ("Capital Link") improperly attempted to collect a debt.

On March 3, 2021, Storey initiated this action in state court and on April 2, 2021, the state-court clerk entered a default. (Doc. 3-1). On April 9, 2021, Capital Link removed the action and filed an Answer and Affirmative Defenses (Doc. 8) on April 14, 2021. Storey moves to strike the answer (Doc. 8) on the basis that a default was entered against Capital Link and Capital Link has not moved to set aside the

state-court default. (Doc. 13, pp. 1-3). Capital Link argues that after removal, federal and not state procedural rules apply, and under federal rules, a defendant who does not answer before removal may answer seven days after the notice of removal is filed, citing Federal Rule of Civil Procedure 81(c)(2). (Doc. 14, pp. 2-3). In essence, Capital Link argues the state-court default is a nullity. Alternatively, Capital Link requests the Court set aside the state-court default for good cause. (Doc. 14, pp. 4-5).

Storey does not argue that removal was improper. She simply argues that Capital Link's Answer and Affirmative Defenses should be stricken based upon the state court's default. But Capital Link's answer is timely, and the Court finds good cause exists to set aside the default and accept the answer and affirmative defenses as filed.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard, varying from situation to situation." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996)). And it is less rigorous than the standard to set aside a default judgment under Rule 60(b). *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 656 (M.D. Fla. 2014) (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)). But it is "not so elastic as to be devoid of substance."

While this good cause standard is not susceptible to a precise formula, and defaults are generally disfavored given the judicial preference to resolve cases on their merits, courts have generally considered whether the defaulted defendant acted promptly to correct the default and present a meritorious defense, whether setting aside the default would prejudice the party in whose benefit it was entered, and whether the defendant had defaulted willfully "by displaying either an intentional or reckless disregard for the judicial proceedings." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania*, 88 F.3d at 951-952)).

Capital Link timely removed this action and timely filed its answer—all within twelve days of the state-court default and within forty-two days of the initiation of this action. There is no indication that the failure to respond was in flagrant disregard of the state-court summons, and Storey made no showing of prejudice. On balance, Capital Link's prompt filing of its answer after removal weighs in favor of setting aside the default, even though the better practice would have been for Capital Link to contemporaneously move to set aside the default when it removed the action to this Court.

Accordingly, the Motion to Strike Answer and Affirmative Defenses (Doc. 13) is **DENIED**, the default entered on April 2, 2021 in state court is set aside, and the Court accepts Capital Link's Answer and Affirmative Defenses.

**ORDERED** in Fort Myers, Florida on June 11, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE