UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AIMEE JO STOREY,

    Plaintiff,

v.                                       Case No: 2:21-cv-293-SPC-NPM

CAPITAL LINK
MANAGEMENT, LLC,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Capital Link Management LLC's Motion for Judgment on the Pleadings (Doc. 20). Plaintiff Aimee Jo Storey responded in opposition. (Doc. 21). The parties replied (Doc. 25) and surreplied (Doc. 26). The Court denies the Motion without prejudice.

## BACKGROUND

This is a consumer protection action alleging violations of the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"). Storey incurred a debt that was ultimately placed with Capital for collection ("Debt"). Afterward, Storey and her husband sought

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

protection under Chapter 13 of the Bankruptcy Code. The bankruptcy is pending in this Division—*In re Storey*, No. 2:20-bk-06356-FMD (Bankr. M.D. Fla.) ("Bankruptcy Case").

During the Bankruptcy Case, Capital allegedly sent Storey text messages to collect the Debt. Storey responded with a cease-and-desist letter. Then, Capital sent Storey a collection letter. So Storey sent another cease and desist. Ignoring Storey's requests, Capital sent four more collection letters.

Based on Capital's post-petition actions, Storey sued for FCCPA and FDCPA violations. Capital answered. Now, Capital moves for judgment.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). To decide if judgment is appropriate, courts accept all material facts alleged as true and view them most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "If it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint, the district court should dismiss." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019).

## DISCUSSION

Capital argues Storey failed to disclose this action in the Bankruptcy Case. So as the argument goes, this case should be dismissed on judicial estoppel grounds.

Before beginning, Storey is correct Capital failed to raise estoppel as an affirmative defense. Fed. R. Civ. P. 8(c)(1). So Capital wants judgment on the pleadings based on an unpled defense. Aside from that technical defect, Capital does not address whether its failure resulted in waiver. *See First Nat'l Bank of Oneida, N.A. v. Brandt*, 851 F. App'x 904, 907 (11th Cir. 2021). The Motion, therefore, can be denied without prejudice. But even on the merits, the Court finds that it is the proper result.

The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (cleaned up). Specifically, judicial estoppel stops "a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous" proceeding. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). The "district court may apply judicial estoppel when a two-part test is satisfied: the plaintiff (1) took a position under oath in the bankruptcy proceeding that was inconsistent with the plaintiff's pursuit of

3

the civil lawsuit and (2) intended to make a mockery of the judicial system." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc).

### A. First Prong

The Court tackles whether Storey took an inconsistent position under oath. Capital claims Storey's failure to disclose this action in the Bankruptcy Case was inconsistent.

The intentional concealment in a bankruptcy case of a debtor's cause of action can satisfy the first prong. *See Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006). "A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court." *Id.* In a Chapter 13 bankruptcy, property of the estate includes all property acquired by the debtor during the bankruptcy proceeding. *See Slater*, 871 F.3d at 1179-80. Tort claims that arise after filing a petition and before the bankruptcy closes are after-acquired property belonging to the estate. *See Robinson*, 595 F.3d at 1274-75. So debtor must supplement the list of assets with claims arising during the bankruptcy proceeding. *See id.* at 1274 (Debtor's "duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend her financial statements if circumstances change." (cleaned up)). This "duty to amend applies to Chapter 13 petitioners even after confirmation of the

4

petitioner's plan." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 643 (11th Cir. 2019).

Because Storey's cause of action did not arise until after she launched the Bankruptcy Case, the issue is whether Storey took an inconsistent position under oath by not disclosing her claims here after they accrued. Capital highlights modifications of Storey's bankruptcy filings as evidence of her intent to conceal this action from the Bankruptcy Court, trustee, and creditors. (Doc. 20 at 4-5). Some of those occurred before Storey filed this Complaint. Yet a few supplements and amendments were after Storey sued. Capital says these changes show Storey acknowledged the duty to update information in the Bankruptcy Case and intentionally omitted this action from her disclosures.

Storey counters the filings were forms that did not allow Storey to disclose these claims. The Court is unconvinced. Storey had—and has—an obligation to update her schedules to reflect this action. *E.g.*, *Haynes*, 940 F.3d at 643. And even the Application to Employ (which sought the Bankruptcy Court's permission to retain counsel for this suit) did not name the creditor to be sued or explain this action. (Doc. 21-1). The Court thus finds Storey took an inconsistent position:

> Courts consider the omission of a legal claim from a bankruptcy asset schedule to be a denial that the claim exists. And a complaint in district court seeking damages on the same claim is considered an assertion that the claim does indeed exist. By failing

>to disclose a pending district court claim to the bankruptcy court, a plaintiff is thus deemed to be taking inconsistent positions. And that inconsistency can satisfy the first prong of the judicial estoppel test.

*Haynes*, 940 F.3d at 644 (internal citations omitted).

## B. Second Prong

Having found that Storey took an inconsistent position, the Court must look to Storey's intent. If she intended to make a mockery of the judicial system, then judicial estoppel bars Storey's claims. But for intent to rise to this level, it must be "cold manipulation and not an unthinking or confused blunder." *Ajaka*, 453 F.3d at 1345 n.7 (citation omitted). While the movant need not show prejudice, prejudice may reflect intent. *Id.* at 1345.

In addressing this second prong, the Court must consider all the facts and circumstances underlying Storey's failure to disclose this action. *Slater*, 871 F.3d at 1180. The Eleventh Circuit provided a useful list of factors courts may use to gauge intent:

>the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Id.* at 1185.

Counsel represents Storey in the Bankruptcy Case. A filing there was intended as notice of the claims against Capital. That document was an Application to Employ Storey's counsel for this case (Doc. 21-1), which the Bankruptcy Court granted (Doc. 21-2). Specifically, Storey requested to retain counsel "because of a Creditor's misconduct in violation of state and federal law." (Doc. 21-1 at 2). While Storey omitted the name and specific circumstances of her claims against Capital, she put the Bankruptcy Court, trustee, and creditors on notice she had a claim against a creditor and properly sought approval from the Bankruptcy Court before retaining counsel to pursue it. If Storey intended to deceive creditors or others in bankruptcy, filing the Application strayed from that intent. And the filing mitigates any prejudice claimed by Capital as a creditor and Defendant.

Capital challenges the Application's sufficiency, pointing to *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472 (6th Cir. 2010). *White* is inapt. There, an application to employ counsel provided no details surrounding the claim, and judicial estoppel applied. But the plaintiff-debtor requested—and the EEOC issued—a notice of right to sue with the EEOC *before* she filed bankruptcy. Even so, plaintiff-debtor waited until *the day after* her Chapter 13 plan confirmation hearing to sue. The day *after* suing, she applied to employ counsel with the bankruptcy court. Clearly, plaintiff-debtor knew of her claim before seeking bankruptcy protection, so the claim should have been disclosed

7

from the outset. And plaintiff-debtor enjoyed a windfall by concealing her claim until after plan confirmation. Those facts showed an intent to deceive and mock the judicial system.

This case differs. Storey's claim against Capital arose *after* the bankruptcy petition. Indeed, her claims arise out of Capital's attempts to collect a debt during the Bankruptcy Case. So it was impossible for Storey to disclose her claim on her initial petition. What's more, Storey was diligent in her filings regarding this action—filing her Application to Employ one day after Capital's last letter and four months before the final confirmation hearing. This conduct is unlike the strategic delay found to be intentional mockery in *White*. Finally, the Bankruptcy Court apparently accounted for this action in its plan confirmation Order: it requires payment to the trustee of proceeds from Storey's "judgments/lawsuits/cause of actions" and demands Storey keep the trustee apprised of the status. (Doc. 20-8 at 10-11). That provision would include this case.

One last point. It is unclear how judicial estoppel would advance the interests of equity. Capital allegedly tried to collect from Storey during the Bankruptcy Case—violating the automatic stay and trying to circumvent priority of other creditors. Now, Capital seeks the windfall victory that would limit recovery by Storey's innocent creditors. *See Slater*, 871 F.3d at 1188 ("When a civil claim is dismissed on the basis of judicial estoppel, the asset

8

becomes worthless—losing any potential to increase the value of the bankruptcy estate—which in turn harms creditors."). At this point, it is impossible to gauge the Bankruptcy Court or trustee's knowledge about this case. Yet they are well positioned to address any failure to disclose. *See id.* at 1187 (noting "the bankruptcy court's decision about whether to allow the debtor to amend his disclosures or reopen his bankruptcy case, better protects the bankruptcy system").

Considering all facts and circumstances available right now, the Court does not find Storey's actions were calculated to deceive, conceal, or make a mockery of this action or the Bankruptcy Case. In other words—on this record—judicial estoppel is not appropriate. At most, Capital showed an unthinking blunder, not intentional manipulation. So the Motion is denied.

All the same, if Capital did not waive the issue, it may raise judicial estoppel at a later stage should the record support it. Meanwhile, Storey would do well to make it crystal clear to the Bankruptcy Court and trustee that this case is ongoing, along with the nature of this dispute. Any misrepresentation to the Bankruptcy Court is effectively a misrepresentation to this Court. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679 (2015) (Bankruptcy courts "collectively constitute a unit of the district court for that district." (cleaned up)); *In re Matter of High-Top Holdings, Inc.*, 564 B.R. 784, 793 (N.D. Ga. 2017) ("Bankruptcy courts are an arm of the District Courts."). And it

9

appears this suit is one of Storey's most valuable assets. So the Court would not look kindly on a circumstance where the Bankruptcy Court and trustee are not fully aware of this case.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Judgment on the Pleadings (Doc. 20) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record