# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**AIMME JO STOREY,**

    Plaintiff,

v.                                                            Case No. 2:21-cv-293-SPC-NPM

**CAPITAL LINK MANAGEMENT, LLC,**

    Defendant.

## REPORT AND RECOMMENDATION

In this FDCPA action, plaintiff Aimme Jo Storey seeks an award of attorney's fees (Doc. 59). For the reasons discussed below, her motion should be granted in part and denied in part.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to [ensure] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA provides for a civil cause of action to enforce its provisions, with debt collectors who violate the act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs. *See Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(1)-(3)). The FDCPA's reasonable fee provision, like

many other federal fee-shifting statutes, is governed by the Supreme Court's lodestar precedent. *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931 (11th Cir. 2008); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (reasoning that Supreme Court "case law construing what is a 'reasonable' fee applies uniformly" to federal, prevailing party, fee-shifting statutes).

The lodestar figure is the product of a two step, fact-intensive and case-specific inquiry, asking: (1) what would a lawyer in this division assess a paying client per hour to provide representation comparable to the legal skill, expertise and acumen supplied to the plaintiff in this particular case, and (2) practicing good billing judgment, how many hours would it have been appropriate for the lawyer in this matter to bill such a client for the claim or claims that were successful? *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-553 (2010); *Dague*, 505 U.S. at 562-567; *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Because it is objective, predictable, and readily ascertainable, this lodestar inquiry has, as its name suggests, become the guiding light in federal statutory fee-shifting jurisprudence. *Perdue*, 559 U.S. at 551. The fee applicant bears the burden of establishing entitlement, documenting appropriate hours, and substantiating reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, the parties agree that Storey is entitled to attorney's fees. They also agree that Storey may recover $340 per hour for attorney Joseph LoTempio's work and $115 per hour for paralegal Kathy Michie's work.[1] (Doc. 69 at 3). So the court need only determine the reasonableness of the hours claimed.[2]

"Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc.*, 931 F.3d 1065, 1087 (11th Cir. 2019). Since it is "the duty of the courts to see that excessive fees and expenses are not awarded," the fee applicant's timesheets must be viewed from the perspective of a cost-sensitive client, and if such a client would refuse to authorize the work or balk at certain entries, and justifiably so, then they should not be awarded. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In other words, fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may

---

[1] The court has already found these rates appropriate for LoTempio and Michie in a similar action. *See Mraz v. I.C. Sys., Inc.*, No. 218-cv-254-SPC-NPM, 2021 WL 4086147, *10-12 (M.D. Fla. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4078139 (Sept. 8, 2021).

[2] Storey also filed a bill of costs, and the court has taxed those costs against Capital Link Management. *See* Docs. 58, 64.

reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Reviewing the time sheets hour-by-hour, the court should find three categories of time that would be unreasonable to bill a client. First are the hours sought that would be reduced or removed from a client's bill if exercising proper billing judgment (such as time directed to motions that were either never filed or should not have been). The court should reduce LoTempio and Michie's hours as follows:

| Date | Tkpr | Task | Hours Sought | Proper Billing Judgment |
|---|---|---|---|---|
| 2/10/2021 | JCL | Reviewed documents and e-mailed staff to send contingency contract for FDCPA/FCCPA case | .2 | 0 |
| 2/12/2021 | JCL | Reviewed potential defendants and e-mailed KM re: contingency contract | .1 | 0 |
| 4/2/2021 | JCL | Continued drafting MFAF | 2.3 | 0 |
| 4/9/2021 | JCL | Conducted research re: removal after default | .7 | 0 |
| 4/9/2021 | JCL | Drafted NOF Default | .2 | 0 |
| 4/9/2021 | JCL | E-mail to KM re: letter from OC | .1 | 0 |
| 4/12/2021 | JCL | Drafted Not of Pend | .3 | .2 |
| 4/12/2021 | JCL | Drafted Cert of Int Pers | .3 | .2 |
| 4/15/2021 | JCL | Conducted research and began drafting MTS answer as default has not been vacated | .4 | 0 |
| 4/15/2021 | JCL | E-mails with OC re: time to confer on MTS ans under 3.01(g), OOJ invalid, update on review of notice of pendency | .3 | 0 |
| 4/16/2021 | JCL | E-mail to OC re: availability to discuss MTS | .1 | 0 |

4

| | | | | |
|---|---|---|---|---|
| 5/13/2021 | JCL | Conducted further research on default before removal, vacating default under FRCP 55; finished drafting MTS Answer | 2.5 | 0 |
| 5/14/2021 | JCL | E-mail to OC re: atty fees, MTS Answer | .1 | 0 |
| 5/17/2021 | JCL | Edited and filed MTS Answer | .3 | 0 |
| 6/7/2021 | JCL | Received and reviewed def's RIO to MTS ans | .2 | 0 |
| 6/14/2021 | JCL | Received and reviewed Order Denying MTS Ans and AD | .1 | 0 |
| 6/15/2021 | JCL | Drafted NOS R4P Docs | .2 | 0 |
| 10/19/2021 | JCL | E-mail to DF and CD re: order denying MFJOP | .1 | 0 |
| 10/20/2021 | JCL | E-mail to CD re: changes to BK procedures based on order denying MFJOP | .1 | 0 |
| 10/28/2021 | JCL | Began drafting Unopposed Mtn to Stay | .5 | .3 |
| 2/8/2022 | JCL | Received and reviewed Dale Golden's NOA on behalf of Def | .1 | 0 |
| 2/8/2022 | JCL | Received and reviewed stipulation for substitution of counsel for Def | .1 | 0 |
| 2/10/2022 | JCL | Received and reviewed order granting OC's MTWD | .1 | 0 |
| 2/25/2021 | PAR | Rec't of Order from Bky Court to file lawsuit – email to client [redaction] | .25 | .1 |
| 7/27/2021 | PAR | Prepare Notice of Mediation, file with court. Calendar and email to OC, client and mediator | .5 | .3 |

Second are the duplicative hours.[3] The following hours are duplicative of other time entries and should not be recovered:

| Date | Tkpr | Task | Hours Sought |
|---|---|---|---|
| 4/9/2021 | JCL | Received and reviewed e-mail from OC re: removal | .1 |
| 10/22/2021 | JCL | Received and reviewed letter from OC re: new OOJ | .1 |
| 12/14/2021 | JCL | Received and reviewed judgment in favor of Plaintiff | .1 |
| 3/24/2021 | PAR | Rec't of return of service and calendar deadline for response | .25 |

Third are the hours devoted to clerical or administrative tasks.[4] The following hours should not be recovered:

| Date | Tkpr | Task | Hours Sought |
|---|---|---|---|
| 3/2/2021 | JCL | E-mail to KM re: exhibit tags for complaint | .1 |
| 4/16/2021 | JCL | Edited and filed joint notice of related action | .2 |
| 9/24/2021 | JCL | Received and reviewed notice of rescheduling PTC; e-mailed KM re: same | .2 |
| 9/24/2021 | JCL | Received and reviewed order changing time of CMC; e-mailed to KM to update calendar | .1 |
| 12/14/2021 | JCL | E-mail to KM re: calendar 14 days for MFAF | .1 |
| 2/15/2022 | JCL | E-mail to KM re: appointment with OC | .1 |
| 2/24/2022 | JCL | E-mail to all staff re: expecting call from OC | .1 |

---

[3] Notably, Storey does not seek to recover fees for other attorneys working at LoTempio's firm even though time entries reference "CD," "DF," and "DL."

[4] A court may "only award fees for the work of a paralegal when the work is of a legal nature, traditionally performed by attorneys." *Fed. Trade Comm'n v. Life Mgmt. Servs. of Orange Cty., LLC*, No. 6:16-cv-982-ORL-41TBS, 2017 WL 2869535, *3 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 4877460 (Oct. 30, 2017) (collecting cases).

| 3/4/2022 | JCL | Redacted atty-client info from fee ledger; continued drafting MFAF[5] | 3 |
| 4/28/2021 | PAR | Rec't of Defendant's Notice of Appearance of add'l counsel and add attorney to file | .25 |
| 6/25/2021 | PAR | review of mediator's and atty's calendar and email to OC to coordinate mediation | .25 |
| 7/1/2021 | PAR | 2nd email to OC to coordinate med | .1 |
| 7/2/2021 | PAR | review of mediator's calendar. email updated mediation dates to OC | .2 |
| 7/14/2021 | PAR | review of mediator's calendar and email med date to OC | .1 |
| 7/21/2021 | PAR | review of calendar and email new mediation dates to OC | .2 |
| 7/26/2021 | PAR | emails with OC and mediator to confirm date for mediation | .25 |
| 7/28/2021 | PAR | rec't of email form mediator with Zoom link. add to calendar and email to client | .2 |
| 9/7/2021 | PAR | emails with client and mediator to confirm mediation and set phone conf for client. rec't of mediator's report and invoice | .25 |
| 1/3/2022 | PAR | phone call to OC to schedule phone conference re – Mtn for Fees | .1 |

The requested hours are otherwise adequately described and reasonable in amount. The deductions outlined above yield a lodestar amount of $26,020.75 as detailed in the following table:

| Name | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Joseph LoTempio | $340 | 75.5 | $25,670 |
| Kathy Michie | $115 | 3.05 | $350.75 |

---

[5] In addition to being excluded as clerical, this three-hour entry is also excessive. Even after this deduction, Storey would be awarded 3.7 hours for the fee motion, which seems to be at the outer bounds of reasonableness given no dispute about the hourly rates.

Accordingly, Storey's motion for attorney's fees (Doc. 59) should be granted in part and denied in part, and the clerk should be directed to amend the judgment in favor of Storey to add an award of fees in the amount of $26,020.75.

Respectfully recommended on February 14, 2023.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**